[Cite as *Hinton v. Wiest*, 2021-Ohio-2711.]

STATE OF OHIO        )
                      )ss:
COUNTY OF WAYNE   )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

GERALD E. HINTON

    Petitioner

    v.

MARK K. WIEST, JUDGE

    Respondent

C.A. No. 21AP0015

ORIGINAL ACTION IN
PROCEDENDO

Dated: August 9, 2021

---

PER CURIAM.

{¶1} Petitioner, Gerald E. Hinton, has petitioned this Court for a writ of procedendo to compel Respondent, Judge Mark K. Wiest, to rule on a motion to vacate a void judgment. Because Mr. Hinton's complaint does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Judge Wiest is a government employee and Mr. Hinton, incarcerated in the Marion Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Mr. Hinton failed to comply with the prior civil action affidavit requirement.

{¶3} An inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). Mr. Hinton filed a "Sworn Affidavit of Civil Actions and or Appeals" with his complaint. In that affidavit, Mr. Hinton swore that he complied with the requirements of R.C. 2969.25(A).

{¶4} The statute requires the affidavit to include a "brief description of the nature of the civil action. R.C. 2969.25(A)(1). It must also state the "case name, case number, and the court in which the civil action was brought," R.C. 2969.25(A)(2), and the "name of each party to the civil action or appeal[.]" R.C. 2969.25(A)(3). Finally, the affidavit must set forth the "outcome of the civil action or appeal[.]" R.C. 2969.25(A)(4).

{¶5} Mr. Hinton's affidavit of prior actions does not comply with any of these requirements. Rather than setting forth the mandatory information, his affidavit states that he complied with the statute along with this statement: "See Copy Of Docketing Sheet Attached." There was, however, no docketing sheet, or anything else, attached to his affidavit. Mr. Hinton acknowledged that he had filed prior civil actions or appeals, but he failed to provide any of the information that is statutorily required about them. Because his affidavit of prior civil actions or appeals is defective, this Court must dismiss this action.

{¶6} Because Mr. Hinton did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Hinton. The clerk of courts is hereby

directed to serve upon all parties not in default notice of this judgment and its date of entry upon

the journal.  *See* Civ.R. 58.

<br>

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

GERALD E. HINTON, Pro se, Petitioner.